UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN J. LISLE, | ) | |
| Plaintiff, | ) | 3: 09-cv-00479-RCJ-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| RENE BAKER, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Docket #8.). Plaintiff has also filed numerous motions with the court. The court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by

the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  Screening of the Complaint

Plaintiff sues defendants Rene Baker, Robert Bannister, Joe Brackbill, Debra Brooks, Max Carter, John E. Jensen, D. Jones, Catherine C. Masto, D. Mellon, G. Murphy, E. K. McDaniel, Howard Skolnic, and C. Willis. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

### A.  Defendants

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)

### B.  Count I

Plaintiff alleges that a variety of events related to health care occurred between May 6, 1996, and May 10, 2007. Congress has provided no specific statute of limitations for section 1983 actions. Instead, state statutes of limitations apply in section 1983 cases unless the state laws are inconsistent with federal law. 42 U.S.C. § 1988. The Supreme Court has held that for purposes of selecting a statute of limitations, section 1983 actions are best characterized as personal injury actions. *Wilson v. Garcia*, 471

U.S. 261 (1985). The applicable statute of limitations for 1983 actions brought in Nevada is two years. NRS 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert, denied,* 493 U.S. 860 (1989). Federal law determines when a cause of action accrues; a federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

The court finds that plaintiff knew of the injuries alleged in this action at the time that they occurred. The court received plaintiff's complaint in this action on August 21, 2009. Accordingly, the court finds that all of plaintiff's claims based on events occurring between May 6, 1996, and May 10, 2007, are barred as untimely under the statute of limitations.

Plaintiff alleges that he filed a grievance in September of 2007 related to medical care and prison officials refused to release ultrasound/catscan film to him as required by prison policy O.P. 603. Prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. *Buckley*, 997 F.2d at 495. Accordingly, the court finds that plaintiff's claim regarding receiving copies of ultrasound or catscan film does not state a dues process claim under the Fourteenth Amendment.

Plaintiff claims that in 2008 he discovered that medical staff had conspired to fraudulently document false progress notes and physician orders in his medical records from the period of May 4, 2007, to May 7, 2007, so as to minimize the seriousness of his medical condition. The court finds that this allegation does not state a claim for violation of any constitutional right.

///

Plaintiff alleges that he reported lower back pain to prison authorities in August and September of 2007. Plaintiff claims that on September 24, 2007, prison medical staff gave him an injection of methylprednisolone, which had no affect on the pain. He further alleges that he had other communications with medical staff regarding his back in December 2007, and that medical staff provided false or evasive information. Plaintiff alleges that he continued to suffer excruciating back pain, in part because of being over-medicated on coumadin, a blood thinner. Plaintiff claims that Dr. Mar provided a false diagnosis that plaintiff's back pain stemmed from muscle tightness. Finally, plaintiff alleges that on April 22, 2009, he requested that a new pair of shower shoes be sent in at his expense, based on the same medical needs found to exist in July 2002. He claims that Joe Brackbill deliberately and maliciously denied the request. Plaintiff alleges that these various claims demonstrate deliberate indifference to serious medical needs in violation of his rights under the Eighth and Fourteenth Amendment.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a

constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

The court finds that the facts alleged by plaintiff do not demonstrate deliberate indifference but rather simply show that plaintiff disagreed with the diagnosis or treatment he was given at Ely State Prison. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Accordingly, the court finds that count one does not state a claim for relief upon which relief may be granted.

**C.     Count 2**

In count 2, plaintiff incorporates the facts alleged in count 1 and claims the existence of a conspiracy, in violation of the First, Eighth and Fourteenth Amendments.

The Ninth Circuit imposes a heightened pleading standard in cases in which subjective intent is an element of a constitutional tort action. *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991) (*Branch I*), *cert. denied*, 114 U.S. 2704 (1994), *reaffirmed*, 14 F.3d 449 (9th Cir. 1994) (*Branch II*). A claim of conspiracy involves a determination of defendants' subjective intent, thus, the heightened pleading standard applies in this case. In order to survive a motion to dismiss, "plaintiffs must state in their complaint nonconclusory allegations setting forth evidence of unlawful intent." *Id*. These allegations "must be specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity." *Id*., quoting *Whitacre v. Davey*, 890 F.2d 1168, 1171 (D.C. Cir. 1989). The nonconclusory allegations of subjective motivation may be supported by either direct or circumstantial evidence. *Branch v. Tunnell*, 937 F.2d at 1387.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Department,* 839 F.2d

6

621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some over act was done in furtherance of the conspiracy. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974). In this case, plaintiff has failed to allege specific facts to support the existence of a conspiracy between defendants. Accordingly, the court finds that plaintiff fails to state a claim for conspiracy upon which relief can be granted.

### D.     Count 3

In count 3, plaintiff incorporates the facts alleged in count 1 and then claims a violation of his rights under the First, Eighth and Fourteenth Amendments based on a failure to train, supervise or discipline, a failure to act to remedy a wrong, and creating or allowing an unconstitutional policy or custom. The court finds that essentially, plaintiff is alleging constitutional violations based on supervisory liability.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993). In this case, the court finds that plaintiff has alleged no facts which support a civil rights claim based on supervisory liability. Count 3 therefore fails to state a clam upon which relief can be granted.

### E. Motion for Preliminary Injunction

On February 19, 2010, plaintiff filed a motion for a preliminary injunction. (Docket #6.) Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

As set forth above, plaintiff has no likelihood of success in this action. The court further finds that he has shown no likelihood of irreparable injury. To the extent that plaintiff alleges additional facts beyond those he alleges in his complaint, the court declines to address them. Accordingly, plaintiff's request for injunctive relief will be denied.

**IT IS THEREFORE ORDERED** that the clerk shall **FILE** the amended complaint. (Docket #8-1.)

**IT IS FURTHER ORDERED** that plaintiff's motion to get proper procedure is **DENIED as moot.** (Docket #10.)

**IT IS FURTHER ORDERED** that plaintiff's motion for service is **DENIED as moot.** (Docket #12.)

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of the order denying appointment of counsel is **DENIED** as without legal merit. (Docket #13.)

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary or permanent injunction is **DENIED.** (Docket #6.)

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.   The clerk is directed to enter judgment for respondents and to close this case.

DATED: This 16th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE